**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DAVID M. DAVID,

Plaintiff,

vs.

SCHWARZENEGGER, et al.,

Defendants.

_______________________________/

No. CIV S-09-0092-CMK-P

ORDER

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court are Plaintiff's motions for preliminary injunction and restraining orders (Docs. 12, 19, 21).

Plaintiff brings this action based on allegations that he is being denied access to the law library, is being denied access to the courts, and is missing court deadlines resulting in his claims being procedurally defaulted.

His motions for preliminary injunctions are based on the same relevant allegations. He claims he is being denied access to the law library and legal tools, resulting in denial of access to the courts and his claims being procedurally defaulted. He is requesting a

court order that he is to be granted eight hours per week of library time, copies of twenty opinions, copies of all of his briefs, no limitations on the number of books or documents he can have, cease all acts of violence and intimidation, order the correctional officers to not come too close to him (500 feet) or use pepper spray on him, limit where he could be transferred to, and that he be placed on single cell status. He is also requesting the court order that he not be transferred, and that the defendants pay for the costs of copying all of his documents.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to a full hearing. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Los Angeles Unified Sch. Dist. v.

United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.[1]

Finally, in cases brought by prisoners involving conditions of confinement, any temporary restraining order or preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. See 18 U.S.C. § 3626(a)(2).

Here, the undersigned first notes that the relief Plaintiff is requesting is extensive, and would require a very intrusive order. In addition, although the claims Plaintiff raises in his motions are similar to those raised in his complaint, he has not met the standard of showing irreparable harm. Plaintiff certainly argues that he is being denied access to the law library, and specifies that he was denied access to the library on a few occasions. However, it is not clear based on the filings whether he is being restricted library access systematically or whether the limitations were limited and due only to institutional necessities. In addition, the injury Plaintiff alleges, missing court deadlines, has already occurred. Plaintiff specifically alleges that due to the library being closed and the refusal of the librarian to make copies of his documents, he missed the filing deadline. There is no allegation that he is subjected to any additional injuries and/or deadlines. On such limited information, the court will not issue such an intrusive protective order.

/ / /

---

[1] In addition, the Eastern District of California Local Rules impose additional requirements for a motion for a temporary restraining order. First, the court will consider whether the moving party could have sought relief by a noticed motion for a preliminary injunction at an earlier date without the necessity of seeking last-minute relief by motion for a temporary restraining order. See Local Rule 231(b). Second, the moving party must provide specific documents to the court in support of the requested temporary restraining order. See Local Rule 231(c).

Further, Plaintiff is requesting the defendants be required to post a bond for his use to obtain copies of documents. While Plaintiff has been granted indigent status in this case, proceeding in forma pauperis only allows Plaintiff to proceed in this action without paying the filing fees at the time of filing his action. In forma pauperis status does not entitled Plaintiff to funds with which to pay for any other service.

Finally, as to Plaintiff's request to be, or not be, transferred to a different prison, a prisoner has no due process right to remain in or be transferred to a prison of his choice. See Meachum v. Fano, 427 U.S. 215, 224-27 (1976). Therefore, Plaintiff is requesting relief this court cannot grant. In addition, such a request is beyond the issues raised in this case.

However, this is not to say that Plaintiff will not be entitled to some relief. Once Plaintiff's complaint is properly screened, the proper defendants identified and served, and once the defendants have appeared in this matter, the court may entertain another motion if Plaintiff continues to be denied access to the law library and necessary supplies in order to proceed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for preliminary injunctions and restraining orders (Docs. 12, 19, 21) are denied without prejudice.

DATED: March 30, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE