IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID M. DAVID,                              No. CIV S-09-0092-CMK-P

      Plaintiff,

   vs.                                       ORDER

SCHWARZENEGGER, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's amended complaint (Doc. 25).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's original complaint was dismissed for failure to state a claim, and he was provided an opportunity to file an amended complaint. In the court's order dismissing his original complaint, the undersigned set forth some basic principles as to what appeared to be his claims, including proper access to the court, use of excessive force, and supervisory liability. Plaintiff has now filed his amended complaint, wherein his claims continue to be vague and speculative.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are generally vague, conclusory and speculative. He basically alleges the entire criminal justice system in the State of California is a fraud. He claims the defendants have violated RICO by fraudulently collecting money from the federal government for housing wrongfully convicted prisoners. He states that prisoners are unable to successfully challenge their conviction due to the discrepancy between the resources they have and the resources the State has, and due to the ignorance, intelligence and lack of education of prisoners in general. It appears he is alleging that he is being confined unlawfully as he is actually innocent of the crimes he was convicted.

/ / /

/ / /

1  Plaintiff also alleges he has been denied access to the law library, and has been
2  denied legal supplies and copies of his legal papers.  He has also been threatened by correctional
3  officers for his attempted use of the law library, as well as subjected to the use of force wherein
4  the officers physically restrained him from accessing the law library.

## II.  DISCUSSION

Most of plaintiff's claims fail to specify how his rights were violated, and by whom.  His allegations state that the "defendants" in generally acted inappropriately.  Such vague claims are insufficient.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff only names a few specific defendants throughout his complaint, relying mostly on vague allegations relating to the "defendants."  Therefore, to the extent plaintiff's allegations are that "defendants" somehow violated his rights, those allegations are insufficient.  While this defect may be curable, plaintiff's complaint suffers from other defects, as set forth below, which are not.

/ / /

/ / /

/ / /

Many, if not all, of plaintiff's claims are legally frivolous as having no factual or legal basis.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation.  See Neitzke, 490 U.S. at 325.  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Id. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).  Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

    A.  Excessive Force

As plaintiff was previously informed, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal

1  civilized measure of life's necessities; and (2) subjectively, the prison official must have acted
2  unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.
3  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable
4  mind."  See id.

5  When prison officials stand accused of using excessive force, the core judicial
6  inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or
7  maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992);
8  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as
9  opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,
10  is applied to excessive force claims because prison officials generally do not have time to reflect
11  on their actions in the face of risk of injury to inmates or prison employees.  See Whitley, 475
12  U.S. at 320-21.  In determining whether force was excessive, the court considers the following
13  factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship
14  between the need for force and the amount of force used; (4) the nature of the threat reasonably
15  perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
16  See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force
17  was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
18  1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,
19  because the use of force relates to the prison's legitimate penological interest in maintaining
20  security and order, the court must be deferential to the conduct of prison officials.  See Whitley,
21  475 U.S. at 321-22.

22  Here, plaintiff makes some general allegations relating to being physically
23  restrained from the law library, refers to assaults on inmates for filing 602 inmate grievances, and
24  implied threats from correctional officers for attempted use of the law library.  To the extent
25  plaintiff is claiming interference with his access to the law library, and therefore denying his
26  access to the courts, that issue is discussed below.  As to plaintiff being physically restrained

from the law library, plaintiff fails to assert how he was restrained, and by whom.  Physical restraint does not necessary imply to use of excessive force, or any force.  Physical restraint could simply be not opening the law library door or keeping the library closed during normal operating hours, which is what plaintiff alleges.  Thus, his allegations are insufficient to state a claim for the use of excessive force.

The closest plaintiff comes to actually setting forth any description of actual use of force relates to the destruction of a pen, which one officer allegedly purposefully crushed with his shoe.  In addition, plaintiff makes allegations regarding implied and implicit threats, including the officers' hands on pepper spray containers.  Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage."  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  There is no indication that any threat plaintiff received, either implied or implicit, was calculated to cause him psychological damage.  Plaintiff had the opportunity to cure the defects relating to his claim of excessive force, which he has failed to do.  Thus, it appears plaintiff is either unable or unwilling to cure the defects, and no further leave to amend should be granted.

    B.  Access to the Courts

As plaintiff was also previously informed, prisoners have a First Amendment right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right includes petitioning the government through the prison grievance process.  See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  The right of access to the courts, however, only requires that prisoners have the capability of bringing

challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

Here, plaintiff outlines numerous times wherein he was denied access to the law library, was denied legal materials, and was denied copies of legal documents.  He alleges the law library refused to make copies of his documents, thereby causing him to miss state filing deadlines.  He states that he has filed documents in the state court, explaining the reason for the delay in filing, and he has not yet received confirmation as to whether his filings will be accepted as timely or not.  Thus, to the extent plaintiff is able to state a claim for denial of access to the court for the librarian's refusal to makes copies of documents or provide him materials, plaintiff fails to show he has suffered an actual injury.  Any injury alleged, his late filing of documents in the state courts, is speculative at best as his filings have not been rejected.  Thus, he fails to make an adequate showing of an actual injury.

      C.      Racketeer Influenced and Corrupt Organizations Act (RICO)

Finally, plaintiff's claims for violation of RICO, 18 U.S.C. §§ 1961-1968, are insufficient.  "The elements of a civil RICO claim are as follows:  '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5)

causing injury to plaintiff's business or property.'" Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (quoting Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996); 18 U.S.C. § 1964(c), 1962(c)).

It appears that the basis of his entire complaint is that he was wrongfully convicted, that due to his illegal incarceration he has lost his job, he is being threatened to not file appeals to challenge his illegal conviction, and that the state is fraudulently collecting money from the federal government based on his illegal conviction. He attempts to state a claim by insisting that the right to appeal is considered property, and that a threat intended to induce a dismissal of an appeal is extortion. He states he has suffered financial loss, to the extent of his salary of $750,000.

As stated above, claims that are legally frivolous are subject to summary dismissal. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's allegations fail to raise above the speculative level, much less to the level of plausible. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). While he may have standing to bring a civil RICO action, he fails to plead sufficient facts alleging that the defendants have engaged in a pattern of racketeering acts, much less that such acts caused injury to his business or property. He fails to provide any authority for his determination that a right to appeal is a property right. Thus, his compliant is insufficient to state a claim for a civil RICO action against the defendants.

### III.  CONCLUSION

Plaintiff was previously informed what would be required in order to state a claim for his alleged constitutional violations. It appears that plaintiff is either unable or unwilling to cure the defects in his complaint. Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled further leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed for failure to state a claim; and
2. The Clerk of the Court is directed to enter judgment and close this case.

DATED: April 29, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE